IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KAREN FABRI
573 Route 247
Clifford, PA 18407,
                Plaintiff,

vs.

CENTRAL CREDIT SERVICES LLC
1200 South Pine Island Road
Plantation, FL 33324,
                Defendant.

CIVIL ACTION NO. 3:18-CV-890

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").

2. The FDCPA requires a mandatory initial notice as an informal dispute mechanism. 15 U.S.C. § 1692g(a).

3. The notice alerts the consumer of his rights to, *inter alia*, dispute his debt in writing within thirty days after receipt of the notice. *See* 15 U.S.C. § 1692g(a)(3).

4. Only a *written* dispute is sufficient to trigger the debt collector's obligation to cease collection and verify the debt. *See* 15 U.S.C. § 1692g(b). Oral disputes, such as a dispute via telephone, are insufficient to trigger any obligation of the debt collector. *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013).

5. The validation notice must not be overshadowed or contradicted by other messages from the debt collector, and it must be effectively conveyed to the least sophisticated debtor.

1

6. Defendant is subject to strict liability for sending an initial collection letter to Plaintiff that misleads the least sophisticated debtor into believing that telephoning could preserve validation rights.

## II. JURISDICTION

7. Subject matter jurisdiction of this Court arises under 15 U.S.C § 1692k and 28 U.S.C. §1331, 1337.

## III. PARTIES

8. Plaintiff is a consumer who resides in Lackawanna County, Pennsylvania.

9. Defendant, Central Credit Services LLC, ("Central Credit" or "Defendant") is a Florida collection agency with an office for the regular transaction of business located in Jacksonville, Florida.

10. Central Credit regularly engages in the collection of consumer debts by use of the mail and telephone.

11. Central Credit regularly attempts to collect consumer debts alleged to be due another.

12. Central Credit is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

## IV. STATEMENT OF CLAIM

13. On July 16, 2017, Central Credit sent Plaintiff an initial written communication in connection with a debt alleged due. (Exhibit "A", redacted in part per Fed.R.Civ. P. 5.2).

14. Central Credit was required to include in this communication a Notice which states, *inter alia*, that if Ms. Fabri disputes the debt or any part thereof, she must notify Central Credit of her dispute in writing. This is significant because only a *written* dispute triggers Central Credit's obligation to provide Ms. Fabri verification of the debt.

2

15. Central Credit is not permitted to mislead the consumer into believing that an oral dispute via telephone is sufficient.

16. Here, Central Credit's collection letter states, "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." See Exhibit "A".

17. The above language does not expressly state that the dispute must be in writing, or that a dispute must be in writing to be effective.

18. The collection letter does state, however, that upon a *written* request sent within 30 day, Defendant "will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification" and "provide you with the name and address of the original creditor, if different from the current creditor." See Exhibit "A".

19. As such, the notice language distinguishes between a dispute generally and a dispute in writing.

20. Further, Central Credit's collection letter states, "You may contact us at 800-336-3940 if you have any questions or if you would like to discuss this matter further." See id.

21. Despite the above language, a consumer who has "any questions" about the validity of the debt cannot trigger the debt collector's obligation to verify the debt by calling them over the phone.

22. The suggestion that a consumer should call with "any questions" or "to discuss this matter further" necessarily misleads the consumer into believing that she may call if she disputes the amount owed, especially because the proceeding language does not specify that a dispute must be in writing.

23. By misleading consumers into disputing by phone rather than by writing, Central Credit benefits substantially. When a debt is not effectively disputed, Central Credit may assume

3

the debt to be valid, and it frees itself of any obligation to collect evidence it has (if any) verifying the validity of the debt.

24. Reading the collection letter as a whole, it does not effectively convey that a dispute must be in writing for it to have the effect specified in 15 U.S.C. § 1692g(a)(3).

25. The referenced language in the collection letter misleads and overshadows the required notice.

### COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

27. The July 16, 2017 collection letter from Defendant violates the FDCPA by failing to effectively provide Plaintiff with the statutory Notice required by 15 U.S.C. § 1692g.

**WHEREFORE**, plaintiff, Karen Fabri, demands judgment against defendant Central Credit Services LLC for:

(a) Damages;

(b) Attorney's fees and costs;

(c) Such other and further relief as the Court shall deem just and proper.

### V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Date: 4/25/2018

Respectfully submitted:

CARY L. FLITTER
ANDREW M. MILZ
JODY THOMAS LÓPEZ-JACOBS
Attorneys for Plaintiff

**FLITTER MILZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 266-7863

4